[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD COUNT
The court, having ruled on defendant's motion to strike the final two counts from the bench, now addresses defendant's motion to strike the third count.
Count three of the plaintiff's complaint seeks damages for an alleged violation of CUTPA by the defendant, plaintiff's former employer. The plaintiff alleges that the defendant terminated him so that it could expand the sales territory of another employee. The plaintiff also alleges that the defendant refused to pay him an admitted indebtedness until the plaintiff signed a release. The defendant moved to strike count three, arguing that CUTPA is not applicable to the termination of the employee-employer relationship.
No binding authority exists on this issue. The federal court and superior court decisions that have addressed the issue almost unanimously hold that the employer-employee CT Page 7120 relationship is not a "trade or commerce" as those terms are defined in the CUTPA statutes. See, e.g., Kinter v. Nidec-Torin Corp., 662 F. Sup. 112, 113 (D.Conn. 1987); Porter v. Hartford Anesthesiology Associates, Inc., 4 Conn. L. Rptr. 359 (Wagner, J., July 8, 1991); DeNicola v. The Stop Shop Cos.,4 Conn. L. Rptr. 12 (Flanagan, J., May 2 1991); Regulbute v. General Health Management, Inc., 3 Conn. L. Rptr. 686, 689 (Clark, J., January 29, 1991); Apgar v. MBS Business Systems,3 Conn. L. Rptr. 55, 56 (Purtill, J., January 2, 1991); Mustaro v. St. Rose of Lima School, 2 Conn. L. Rptr. 760, 761 (Flanagan, J., November 9, 1990); Fitzgerald v. Forelli, 2 Conn. L. Rptr. 388, 389 (Thim, J., August 31, 1990); Ryan v. Watson Enterprises,1 Conn. L. Rptr. 154, 156 (Landau, J., January 5, 1990). But see Poquonock Mobil, Inc. v. Pinkham, 3 Conn. L. Rptr. 481 (Spada, J., April 18, 1991) (CUTPA should be liberally construed; common law principles are applicable).
The court finds the majority view to be the more persuasive and, therefore, concludes that defendant's motion to strike the third count should be and is hereby GRANTED.
L. SCOTT MELVILLE, JUDGE